1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11  ASHLEY ELIZABETH LADNER, and          Case No.:  21cv1953 GPC(KSC)
    MATTHEW AUSTIN LADNER,
12                                        **ORDER DENYING DEFENDANT'S**
                            Plaintiff,    **MOTION FOR SUMMARY**
13                                        **JUDGMENT**
    v.
14                                        **[DKT. NO. 24.]**
    UNITED STATES GOVERNMENT, and
15  DOES 1 through 100, inclusive,
16                          Defendants.
17

18          Defendant United States of America filed a motion for summary judgment as to

19  Plaintiff Matthew Ladner.  (Dkt. No. 24.)  Plaintiffs filed an opposition.  (Dkt. No. 27.)

20  Defendant filed a reply.  (Dkt. No. 28.)  Based on a review of the briefs, supportive

21  evidence, and the applicable law, the Court DENIES Defendant's motion for summary

22  judgment.

23                              **Background**

24          On November 16, 2021, the case was removed to this Court.  (Dkt. No. 1, Not. of

25  Removal.)  On January 26, 2022, Plaintiffs Ashley Elizabeth Ladner ("Ms. Ladner") and

26  Matthew Austin Lander ("Mr. Ladner") (collectively "Plaintiffs") filed the operative first

27  amended complaint ("FAC") alleging one count of negligence against the United States

28

                              1

of America ("Defendant") arising from the alleged negligent operation of a motor vehicle by Anron Reif ("Mr. Reif"), an employee of the United States of America. (Dkt. No. 6, FAC.) According to the FAC, Mr. Reif violated California Vehicle Code ("Vehicle Code") § 21801(a) and § 22350 when his vehicle collided with the vehicle Plaintiffs were passengers in. (*Id.*) Mr. Reif was cited for violating Vehicle Code § 21801(a) and later plead guilty and paid a fine. (*Id.* ¶¶ 8, 16.) As a legal and proximate result of Mr. Reif's negligence, Plaintiffs were injured in their health, strength and activity, sustaining permanent bodily injury, and damage and shock to their mental and nervous system causing mental, physical and emotional pain and suffering. (*Id.* ¶¶ 9, 17.) In addition, Plaintiffs have incurred and will continue to incur medical, hospital and other related expenses as well as loss or diminution of their wages, time and/or income and damage to their personal property. (*Id.* ¶¶ 10-12, 18-20.)

On July 20, 2019, Mr. Ladner, along with his then-wife, Ms. Ladner and two other people, were passengers in a vehicle that was driving on 11th Street in Camp Pendleton, California. (Dkt. No. 27-1, P's Response to D's SSUF No. 1.) At around 12 p.m., the vehicle in which Mr. Ladner was riding was moving westbound on 11th Street, at approximately 25 miles per hour, and Mr. Reif's vehicle, which was exiting a parking lot going southbound onto 11th Street, was travelling at approximately 10 miles per hour. (*Id.*, SSUF Nos. 2, 3.) After the two vehicles collided, both drivers drove their cars to a nearby parking lot, where they waited for police to arrive. (*Id.*, SSUF No. 4.) The airbags in both vehicles did not deploy. (*Id.*, SSUF No. 5.) After the collision, Mr. Ladner continued with his planned activities and went to the beach that afternoon, and out to dinner that evening. (*Id.*, SSUF No. 8.)

Right after the collision, Mr. Ladner testified he felt pain in his neck and shoulder rating the pain to be about a 6 or 7 out of 10 but not enough to go to the emergency room, his lower back pain was around a 5 out of 10, but by the end of the day, his pain in his neck and shoulder worsened to around an 8 or 9 out of 10. (Dkt. No. 27-2, Mendoza Decl., Ex. 1, Ladner Depo. at 2:3-4, 7; 44:21-23; 57:22-58:1; 58:6-20; 59:22-60:2; 61:3-

7.)  Mr. Ladner did not seek treatment for his alleged injuries until September 5, 2019, over seven weeks after the incident, when he went to a chiropractor with complaints of neck and shoulder pain.  (Dkt. No. 24-3, Sotomayor Decl., Ex. 1, Ladner Depo. at 128:9-17.)

**Discussion**

**A.   Legal Standard on Federal Rule of Civil Procedure 56**

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when it affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp.,* 477 U.S. at 323.  The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial.  *Id.* at 322-23.  If the moving party fails to bear the initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex,* 477 U.S. at 324.  If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law.  *Id.* at

325.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.  v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001).  The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact.  *Anderson*, 477 U.S. at 255.

**B.   *Daubert* Legal Standard**

Federal Rule of Evidence ("Rule") 702 provides that a witness, "qualified as an expert by knowledge, skill, experience, training, or education, may testify" . . . if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.  The proponent of the evidence bears the burden of proving the expert's testimony satisfies Rule 702.  *Lust By & Through Lust v. Merrell Dow Pharm., Inc.,* 89 F.3d 594, 598 (9th Cir. 1996).

In applying Rule 702, the trial judge must act as the gatekeeper for expert testimony to ensure specialized and technical evidence is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms. Inc*., 509 U.S. 579, 589 (1993); *accord Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (*Daubert* imposed a special "gatekeeping obligation" on trial judges).  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc*., 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano v. Cook,* 598 F.3d 558, 565 (9th Cir. 2020)).

Expert testimony may be scientific or based on personal knowledge or experience. *Kumho Tire Co., Ltd.*, 526 U.S. at 150.  If expert testimony rests on knowledge and

experience, reliability depends on the knowledge, experience, education, and training of the expert.  *See id.* at 147-52*; see Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1017-18 (9th Cir. 2004) (district court did not abuse its discretion concluding the expert's testimony reliable based on his knowledge and experience rather than methodology or theory).

Moreover, the focus of the district court's analysis "must be solely on principles and methodology, not on the conclusions that they generate."  *Daubert*, 509 U.S. at 595; *Alaska Rent-A-Car, Inc*., 738 F.3d at 969-70 ("[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.").  "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."  *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (citing *Daubert*, 509 U.S.at 596).  "Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'"  *Kennedy v. Collagen Corp*., 161 F.3d 1226, 1231 (9th Cir. 1998) (quoting *McCullock v. H.B. Fuller Co*., 61 F.3d 1038, 1044 (2d Cir. 1995)); *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017) (internal citations omitted) ("[w]here, as here, the experts' opinions are not the "junk science" Rule 702 was meant to exclude . . . the interests of justice favor leaving difficult issues in the hands of the jury and relying on the safeguards of the adversary system- '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof'- to 'attack[ ] shaky but admissible evidence . . . .'").

## C.   Negligence Cause of Action as to Mr. Ladner

Defendant moves for summary judgment on the negligence claim maintaining that Mr. Ladner cannot demonstrate proximate or legal cause for his injuries because the expert report of his medical expert, Devin K. Binder, M.D., Ph.D. ("Dr. Binder"), is

1    inadmissible.  (Dkt. No. 24-1 at 7-8.[1])  In opposition, Plaintiffs argue that Dr. Binder's

2    report is based on all the medical evidence in the record, including a full physical

3    examination and his extensive experience, which creates a genuine issue of fact as to

4    causation.  (Dkt. No. 27 at 6-8.)

5         The Federal Tort Claims Act ("FTCA") makes the federal government liable to the

6    same extent as private individuals under like circumstances in accordance with California

7    law.  28 U.S.C. § 2674.  Under California law, the negligence requires the following

8    elements: "(a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the

9    breach as the *proximate or legal cause* of the resulting injury.'"  *Ladd v. Cnty. of San*

10   *Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks omitted).  In a personal

11   injury case, causation "must be proven within a reasonable medical probability based

12   upon competent expert testimony.  Mere possibility alone is insufficient to establish a

13   prima facie case."  *Jones v. Ortho Pharm. Corp*., 163 Cal. App. 3d 396, 402 (1985).  "A

14   possible cause only becomes 'probable' when, in the absence of other reasonable causal

15   explanations, it becomes more likely than not that the injury was a result of its action.

16   This is the outer limit of inference upon which an issue may be submitted to the jury."

17   *Id.* at 403.  In other words, the trier of fact must be persuaded that Defendant's

18   negligence "was more likely than not a substantial factor in causing him damages."  *Kline*

19   *v. Zimmer, Inc*., 79 Cal. App. 5th 123, 131 (2022).  In California, proving causation in a

20   personal injury action requires expert testimony.  *Sanderson v. Int'l Flavors &*

21   *Fragrances, Inc*., 950 F. Supp. 981 (C.D. Cal. 1996) (noting that California "law is well-

22   settled that in a personal injury action causation must be proven within a reasonable

23   medical probability based upon competent expert testimony.").

24        While California law governs the substantive cause of action in this FTCA case,

25   federal law governs the admissibility of evidence.  *See Schwarder v. United States*, 974

26

27   _____

28   [1] Page numbers are based on the CM/ECF pagination.

F.2d 1118, 1126 (9th Cir. 1992) (J. Alarcon, concurring in part and dissenting in part) ("It is clear that federal law governs all procedural aspects of a claim under the [FTCA].").

Medical expert testimony may be scientific or non-scientific.  *Primiano*, 598 F.3d at 565.  As articulated by the Ninth Circuit, "medicine is not a science but a learned profession, deeply rooted in a number of sciences and charged with the obligation to apply them for man's benefit."  *Id.* (citation omitted).  The court explained that "much of medical decision-making relies on judgment—a process that is difficult to quantify or even to assess qualitatively.  Especially when a relevant experience base is unavailable, physicians must use their knowledge and experience as a basis for weighing known factors along with the inevitable uncertainties" to "mak[e] a sound judgment."  *Id.* Because "medical knowledge is often uncertain" due to the complexity of the human body, it need not be conclusive.  *Id.*  "A trial court should admit medical expert testimony if physicians would accept it as useful and reliable."  *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006).

Here, the Court must ensure Dr. Binder's expert report is relevant and reliable.  *See Daubert*, 509 U.S. at 590-91.  Defendant does not challenge Dr. Binder's qualifications nor dispute that his report is relevant but attacks its reliability.  Defendant contends that Dr. Binder's conclusion on causation lacks any reference to data or medical findings, and he fails to provide any analysis or explanation connecting Mr. Ladner's alleged neck injuries with the July 20, 2019 car accident.  (Dkt. No. 24-1 at 7; Dkt. No. 28 at 3-4.) Therefore, according to Defendant, Mr. Ladner's failure to demonstrate causation with admissible expert testimony warrants summary judgment to be granted in its favor.

The Court disagrees.  Defendant relies on a *Daubert* analysis based on scientific evidence rather than the experience and knowledge of Dr. Binder.  (*See* Dkt. No. 24-1 at 5-6.)  "The *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to . . . testimony[ ] whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it."  *United*

*States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Defendant fails to address whether Dr. Binder's knowledge and experience provides a basis for reliability.

Dr. Binder is a board-certified and fellowship-trained neurosurgeon.[2] (Dkt. No. 24-3, Sotomayor Decl., Ex. 4, Dr. Binder Report at 46-53.) In his evaluation and report dated October 12, 2022, Dr. Binder conducted a physical examination of Mr. Ladner, considered statements made by Mr. Ladner regarding his condition, took a full history of his medical background, reviewed relevant medical records concerning his treatment of neck and shoulder pain since the accident as well as reviewed six radiological reports dated September 5, 2019 to October 20, 2021. (*Id.*) Based on Dr. Binder's review of this information, he diagnosed Mr. Ladner with neck pain, cervical disc protrusion, cervical radiculopathy and lower back pain. (*Id.* at 51.) Dr. Binder then summarized his findings, (*id.* at 51-52), and concluded "[i]n my professional opinion, absent unreviewed evidence to the contrary, the accident of 7/20/19 caused Mr. Ladnner's symptoms." (*Id.*) He repeated his conclusion that "[t]he accident of 7/20/19 caused Mr. Ladner's symptoms. Prior to the accident, he did not have previous neck pain, pain radiating down the left arm, or left arm or hand weakness." (*Id.* at 51.)

Contrary to Defendant's argument, Dr. Binder references the medical data he reviewed and provided medical findings. (*Id.* at 51-52.) Then, after his review of the underlying medical data as well as a physical examination of Mr. Ladner and a review of his medical history, Dr. Binder relied on his own clinical experience and medical judgment to conclude that the accident of July 20, 2019 was the cause of Mr. Ladner's symptoms. The Court concludes that Dr. Binder's conclusions are based on his education, knowledge, experience, and training, and reliable. *See Trujillo v. Cnty. of Los Angeles*, 751 Fed. App'x 968, 971 (9th Cir. 2018) ("Medical experts regularly rely on a

---

[2] Neither party submitted Dr. Binder's curriculum vitae ("CV") as part of his expert report; however, it appears that his CV was included with his Rule 26 report. (*See* Dkt. No. 27-3, Binder Decl. ¶ 10; *id.*, Ex. 1, Dr. Binder's CV.) Dr. Binder's CV includes 33 pages describing his extensive education, experience, and publications. (Dkt. No. 27-3, Binder Decl., Ex. 1 at 5-38.)

person's treatment records to form their opinions . . . ."); *Bordelon v. Airgas USA, LLC*, 603 F. Supp. 3d 946, 955 (D. Or. 2022) (a medical expert "certainly may rely on his own clinical experience in stating his opinion.") (quoting *McClellan v. I-Flow Corp.*, 710 F. Supp. 2d 1092, 1138 (D. Or. 2010) and citing *Primiano*, 598 F.3d at 565 (noting "physicians must use their knowledge and experience as a basis for weighing known factors along with the inevitable uncertainties to mak[e] a sound judgment" (internal quotation marks and citation omitted))).  To the extent that Defendant disagrees with Dr. Binder's conclusions or questions the weight of his conclusion because it was conducted over three years after the accident, these issues may be raised on cross-examination at trial.

Because the Court concludes Dr. Binder's testimony is reliable, Defendant has failed to bear its initial burden demonstrating an absence of a genuine issue of fact on causation, *see Celotex Corp.*, 477 U.S. at 323; therefore, the Court DENIES Defendant's motion for summary judgment.[3]

### Conclusion

Based on the above, the Court DENIES Defendant's motion for summary judgment as to Plaintiff Matthew Ladner.  The hearing set on April 14, 2023 shall be **vacated.**  The Court also DENIES Plaintiff's request for leave to appear telephonically

/ / /

---

[3] Both parties raised evidentiary objections.  (Dkt. No. 27-4; Dkt. No. 28-2.)  Plaintiffs object to their medical and biomechanics expert reports which were submitted by Defendant in its motion for summary judgment as inadmissible hearsay.  (Dkt. No. 27-4.)  As to the biomechanics expert report, the Court overrules Plaintiffs' objections because the Court did not consider it in its ruling.  As to Plaintiffs' objection to the expert report of Dr. Binder, the Court questions the objections in light of the fact Plaintiffs attach the same report in support of their opposition. (*See* Dkt. No. 27-2, Mendoza Decl., Ex. 5 at 46-53.)  Nonetheless, Rule 702 permits the admissibility of expert testimony if relevant and reliable.  Accordingly, the Court overrules Plaintiffs' objections to Dr. Binder's report.  Next, Defendant moves to strike Dr. Binder's supplemental declaration submitted in support of Plaintiffs' opposition as barred by Federal Rule of Civil Procedure 26.  (Dkt. No. 28-2.)  Because the Court did not consider the supplemental declaration of Dr. Binder in its ruling, the Court denies Defendant's motion to strike as moot.

at the hearing as moot.  (Dkt. No. 30.)

   IT IS SO ORDERED.

Dated:  April 11, 2023

Hon. Gonzalo P. Curiel
United States District Judge